GEAUGA COUNTY BAR ASSOCIATION *v.* PATTERSON.

[Cite as *Geauga Cty. Bar Assn. v. Patterson,*
111 Ohio St.3d 228, 2006-Ohio-5488.]

(No. 2006–1176—Submitted August 8, 2006—Decided November 8, 2006.)

**Per Curiam.**

{¶ 1} Respondent, David Nelson Patterson of Willoughby, Ohio, Attorney Registration No. 0015280, was admitted to the Ohio bar in 1964. On December 23, 1980, we publicly reprimanded respondent for violating the following Disciplinary Rules: DR 2–103(B) (barring a lawyer from compensating or giving something of value to a person to recommend or secure the lawyer's employment, or as a reward for having made a recommendation resulting in his employment), 5–101(A) (prohibiting a lawyer from accepting employment if the exercise of professional judgment on behalf of a client will be or reasonably may be affected by the lawyer's personal interests), 5–105(A) (requiring a lawyer to decline employment that is likely to compromise the lawyer's independent judgment on a client's behalf), 5–105(B) (prohibiting a lawyer from representing multiple clients when the exercise of professional judgment on any client's behalf is likely to be adversely affected by the representation of another client), and 7–101(A)(3) (prohibiting a lawyer from intentionally prejudicing or damaging a client). *Lake Cty. Bar Assn. v. Patterson* (1980), 64 Ohio St.2d 163, 18 O.O.3d 382, 413 N.E.2d 840.

{¶ 2} On June 13, 2005, relator, Geauga County Bar Association, filed a complaint charging respondent with additional professional misconduct. Respondent filed an answer to the complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in April 2006. The

panel then prepared written findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

{¶ 3} In the late 1980s, Clayton Ausmundson paid respondent a $5,500 retainer to represent him in a domestic-relations matter. In 2002, Ausmundson asked respondent to represent him in another domestic-relations matter, and Ausmundson paid an additional $2,465.22 retainer. While that second case was pending in 2003, Ausmundson became dissatisfied with respondent's services, and he asked respondent to refund any unused portion of the retainer. In October 2003, respondent provided Ausmundson an accounting of his services and indicated that a refund of $1,314.62 was due. Respondent failed, however, to refund any money at that time, prompting Ausmundson to file a grievance against him with relator in June 2004.

{¶ 4} In response to relator's inquiry about the unpaid refund, respondent promised in August 2004 to pay Ausmundson immediately. No refund was forthcoming, however, and relator sent two letters to respondent in September and October 2004 again requesting the refund. Finally, relator received a $1,300 check from respondent on October 22, 2004, and relator promptly forwarded it to Ausmundson. In March 2006, respondent refunded an additional $2,650 to Ausmundson.

{¶ 5} After examining these actions, the board found that respondent had violated DR 2–110(A)(3) (requiring a lawyer to promptly return unearned fees upon withdrawal from employment).

## Sanction

{¶ 6} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The aggravating factors cited by the board were respondent's prior disciplinary offenses and his initial lack of cooperation in the disciplinary process. BCGD Proc.Reg. 10(B)(1)(a) and (e). The board also noted several mitigating factors: the absence of a dishonest or selfish motive, respondent's efforts to rectify the consequences of his misconduct, his full and free disclosure to the board and his cooperative attitude toward the disciplinary process once he refunded the money to his client, and letters to the board attesting to respondent's good character and reputation. BCGD Proc.Reg. 10(B)(2)(b), (c), (d), and (e).

{¶ 7} Relator recommended that respondent be publicly reprimanded. The panel and the board issued similar recommendations. Respondent has filed no objections to the board's findings or its recommendation.

{¶ 8} We have reviewed the board's report and the record, and we accept the board's findings and conclusions. We also adopt the board's recommended sanction.

{¶ 9} Although respondent was tardy in sending a refund of unearned fees to his client, he did readily admit his misconduct in his answer to relator's complaint, and there is no evidence in the record pointing to any dishonesty or a pattern of misconduct on respondent's part. We also look favorably on respondent's apology to Ausmundson at the disciplinary hearing as well as the seven letters in the record from judges and lawyers who describe respondent as ethical, honest, and diligent. In light of these various factors, we accept the board's assessment that a public reprimand will be sufficient to ensure that respondent does not repeat his misconduct.

{¶ 10} Accordingly, respondent is hereby publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

James Reardon and Edward T. Brice, for relator.

David N. Patterson, pro se.